IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS OVERHOLT,
    Plaintiff,

vs.                                                         Case No. 3:10cv482/MCR/EMT

UNITED STATES OF AMERICA, et al.
    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff has paid the filing fee, and this cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Title 28 U.S.C. § 1915A requires the court to dismiss cases by prisoners who pay the filing fee just as it would a prisoner proceeding in forma pauperis. *See* Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999); Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998); McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915A(b), the court is required to dismiss the case of a prisoner at any time if it determines that the action is (1) "frivolous, malicious, or fails to state a claim on which relief may be granted"; or (2) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). Because the language of § 1915A(b) tracks the language of Fed. R. Civ. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449

---

[1] Bivens recognized a private right of action for money damages against federal actors that engaged in alleged violations of the Constitution or laws of the United States. 403 U.S. at 397.

F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint and controlling Eleventh Circuit case law, the court concludes that title 42 U.S.C. § 1997e(e) precluded Plaintiff from filing his damages claim while he was in custody and that his subsequent release from custody did not cure that defect. The court further concludes that Plaintiff's request for injunctive relief is moot. Therefore, sua sponte dismissal is warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at Keeton Correctional Facility in Pensacola, Florida at the time of the events giving rise to this complaint, although he has recently been released (*see* Doc. 11). He names as Defendants in this action three entities: the United States of America, the Bureau of Prisons ("BOP") and Keeton Correction, Inc. ("Keeton"). There are several individuals mentioned by name within the body of his complaint who are not named as defendants.[2] In his complaint, Plaintiff alleges that the BOP contracts with and compensates Keeton for controlling and housing

---

[2] Neither the full identity of these individuals nor their authority to act or speak on behalf of Keaton is apparent from Plaintiff's allegations.

federal inmates, and that the BOP is responsible for inspecting, evaluating, and approving the federally funded, for-profit institution (Doc. 1 at 5). Plaintiff complains generally about the conditions of confinement he experienced at Keeton's Pensacola facility, with specific complaints directed at the lack of grievance system, overcrowding, unclean air handling systems, a lack of ladders for bunk beds, electrical outlets that had no activating circuit protection, insufficient privacy from female staff, the quality of the food, the lack of chairs in the pay telephone area and lack of tables in the lobby, and the requirement that Plaintiff pay subsistence to Keeton out of the Department of Labor unemployment payments he received (Doc. 1 at 6–8). Although Plaintiff does not cite a specific constitutional or statutory provision that he believes to have been violated, he appears to assert that the described conditions collectively violated the Eighth Amendment's prohibition against cruel and unusual punishment (*id*. at 8–9). Plaintiff claims that the purported mistreatment by Keeton was driven by a desire to maximize Keeton's profits, that he was mistreated as a matter of policy, and that he was "constructively threatened" to avoid complaints (*id.*). As his requested relief, Plaintiff seeks an order directing that Keeton cease operations at its Pensacola facility, an order directing that the Occupational Safety and Health Administration ("OSHA") review Keeton's operations, and $800,000 in damages from each Defendant for the mental anguish caused by the cruel and unusual treatment he experienced.

      As noted above, title 42 U.S.C. § 1997e(e) precluded Plaintiff from bringing his damages claim. This section provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This is an affirmative defense, not a jurisdictional limitation. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier, 314 F.3d at 532. This Bivens action brought by Plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned. Plaintiff's complaint alleges only "mental anguish," so as to satisfy the third predicate for the application of

Case No: 3:10cv482/MCR/EMT

§ 1997e(e). Finally, the harm complained of occurred while Plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, Plaintiff's damages claim is subject to dismissal without prejudice absent an allegation of physical injury.[3] And, in order to state a viable claim, he must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."), *reh'g granted, opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S. Ct. 2214, 150 L. Ed. 2d 208 (2001); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*, 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002). In the instant complaint, Plaintiff alleges no facts that would remotely suggest he experienced physical injury arising from the Defendants' conduct or the conditions at Keeton. In fact, his request for relief specifically references only "mental anguish" (Doc. 1 at 10). Consequently, 42 U.S.C. § 1997e(e) precluded Plaintiff from bringing his claim while he was in custody. Plaintiff's subsequent release from custody does not save his case from dismissal. The Eleventh Circuit expressly held over ten years ago in Harris v. Garner, 216 F.3d 970, 985 (11th Cir. 2000) that a litigant's release from custody during the

---

[3] The Eleventh Circuit's decision in Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also* Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory damages for mental anguish well in excess of the $1.00 typically awarded as nominal damages. *See, e.g.*, Sears v. Rabion, No. 03-13558, 97 Fed. Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's sua sponte dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages). *See also* Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief).

Case No: 3:10cv482/MCR/EMT

pendency of his case does not cure such a filing defect and that dismissal is proper. Dismissal will of course be without prejudice, in the event Plaintiff chooses to refile.

Plaintiff has also requested that the court order OSHA or the Justice Department, to "review Keeton's operations." Such a request is improper as neither entity is a party to this action. Furthermore, he has suggested no jurisdictional basis for his request.

Finally, Plaintiff also requests what is in essence injunctive relief, seeking an order stopping Keeton from operating its Pensacola facility. Plaintiff's release from custody moots his claim for injunctive relief because he is no longer subject to the conditions of which he complains. *See* Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) (generally, transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief; prisoner's release and return to prison meant claim was not moot); Mann v. McNeill, 360 Fed. Appx. 31, 31–32 (11th Cir. 2010) (citing Smith, 502 F.3d at 1267); Zatler v.Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); Tucker v. Phyfer, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief"); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). *Cf*. Johnson v. Turpin, 2001 WL 520804 (11th Cir. 2001) (prisoner's claim for injunctive relief not moot because he was still within the state prison system and subject to being returned to facility where alleged violations took place).

Based on the foregoing, the court is satisfied that Plaintiff cannot successfully proceed with this civil rights action, as filed. Therefore, Plaintiff's complaint should be dismissed.

Accordingly, it is respectfully **RECOMMENDED:**

That this cause be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

At Pensacola, Florida, this 22nd day of March 2011.

Case No: 3:10cv482/MCR/EMT

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).